

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 7, 1966

Honorable E. L. Max Hamilton
County Attorney
Terry County
Brownfield, Texas

Opinion No. C-598

Re: Whether a judgment of
conviction in a mis-
demeanor case, punish-
able by imprisonment
and the defendant was
too poor to employ
counsel and the court
failed to appoint
counsel to represent
him, is valid or void,
and related questions.

Dear Mr. Hamilton:

Your letter requesting an opinion of this office
reads substantially as follows:

Pursuant to Article 26.04 of the Code
of Criminal Procedure, it is my opinion
that the provisions of said Article re-
quire that the County Court MUST appoint
counsel for all misdemeanor cases punish-
able by possible imprisonment when the
defendant cannot afford counsel. Would
you please give your opinion concerning
the following cases:

1. What would be the effect of a
judgment of conviction against a defend-
ant in such a misdemeanor case without
having counsel appointed?

2. What if a defendant is able to
afford counsel and refuses to do so?
Must the Court still appoint such coun-
sel for him?

3. Are not the rules applicable to
District Courts for the State of Texas
in regarding appointment of counsel ap-
plicable to the County Courts in cases
of misdemeanors carrying a possible jail
sentence?

Article 26.04, Vernon's Code of Criminal Procedure, provides:

"(a) Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence.

"(b) The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

In answer to your first question, by virtue of the express provisions of Article 26.04 of the Code of Criminal Procedure, it is the opinion of this office, unless waived by the defendant, that the new Code of Criminal Procedure will require the appointment of counsel for indigent defendants in misdemeanor cases punishable by imprisonment. The failure of the trial court to appoint counsel for an indigent defendant charged with a felony or a misdemeanor punishable by imprisonment will render the conviction of the defendant void. McDonald v. Moore, 353 F.2d 106 (C. A. 1965); Gideon v. Wainwright, 372 U.S. 335 (1963); Hamilton v. Alabama, 368 U.S. 52 (1961); Harvey v. Mississippi, 340 F.2d 263 (1965).

In answer to your second question, we have been unable to find any provision in the new Code for appointment of counsel for a defendant who is not indigent. Neither has the United States Supreme Court held that a non-indigent defendant is entitled to assigned counsel. Therefore, it is the opinion of this office that where the trial court has advised a defendant of his right to the assistance of counsel and has made a determination that the defendant is not too poor to employ counsel, the defendant should be given an opportunity to contact an attorney if he so desires. If the defendant still does not desire counsel, then a written record of the determination that the defendant is not indigent should be filed among the papers of the cause along with the advice of the court and the defendant's waiver of counsel.

In answer to your third question, it is the opinion of this office that the rules now applicable to district courts of the State of Texas, in regard to the appointment of counsel, are applicable to county courts in cases of misdemeanors carrying a possible jail sentence. Article 26.04.

## S U M M A R Y

A judgment of conviction in a misdemeanor case punishable by imprisonment is void where the defendant is too poor to employ counsel and the trial court has failed to appoint counsel to represent him, unless counsel has been waived by the defendant. If the defendant is able to afford counsel, the court is not required to appoint counsel for him. The rules applicable to district courts, in regard to the appointment of counsel, are applicable to county courts in cases of misdemeanors, carrying a possible jail sentence.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

DOUGLAS H. CHILTON
Assistant Attorney General

DHC/dt

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
Robert E. Owen
Howard M. Fender
Lonny F. Zwiener
John Banks

APPROVED FOR THE ATTORNEY GENERAL
BY T. B. Wright